UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CURTIS HOLSINGER,

        Petitioner,

v.                                   CAUSE NO. 3:22-CV-30-DRL-MGG

WARDEN,

        Respondent.

OPINION AND ORDER

Curtis Holsinger, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP-21-3-139) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of trafficking in violation of Indiana Department of Correction Offense 113. Following a hearing, he was sanctioned with the loss of 180 days credit time and a demotion in credit class. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Mr. Holsinger argues that he is entitled to habeas relief because the administrative record contained insufficient evidence to support a finding of guilt.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is

> not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). The conduct report alone is enough to constitute "some evidence." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

The administrative record includes a conduct report in which a correctional officer represented that he saw Mr. Holsinger empty the contents of a glove onto another inmate's tray in the dining hall. ECF 1-1 at 6. According to the conduct report, the tray was found with a small plastic bag containing marijuana. *Id.* The administrative record also includes a summary of a video recording that is consistent with the conduct report, suggesting that Mr. Holsinger had emptied the contents of a glove onto another inmate's tray. ECF 1-1 at 7. The conduct report and the summary of the video recording constitute some evidence that Mr. Holsinger committed the offense of trafficking. Therefore, the claim that the hearing officer did not have sufficient evidence is not a basis for habeas relief.

Mr. Holsinger argues that he is entitled to habeas relief because the hearing officer relied on an internal investigations report without disclosing the contents of the report to him. In prison disciplinary proceedings, a hearing officer may consider confidential information with allowing an inmate to personally review them. *See White v. Indiana Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001) ("prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public."). But "an inmate is entitled to disclosure of material, exculpatory evidence in prison disciplinary hearings unless such disclosure would unduly threaten institutional

concerns." *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003). Mr. Holsinger does not allege that the internal investigations report was exculpatory but instead alleges that the hearing officer relied on it to find him guilty. Because Mr. Holsinger was not entitled to the disclosure of the internal investigations report, this argument is not a basis for habeas relief.

Mr. Holsinger argues that he is entitled to habeas relief because he did not receive a written statement of the disciplinary decision. Procedural due process requires a "written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action." *Wolff v. McDonnell*, 418 U.S. 539, 564. (1974). "A prison disciplinary committee is required to give a brief statement of the evidentiary basis for its decision to administer discipline, so that a reviewing court, parole authorities, etc. can determine whether the evidence before the committee was adequate to support its findings concerning the nature and gravity of the prisoner's misconduct." *Saenz v. Young*, 811 F.2d 1172, 1174 (7th Cir. 1987). Though the hearing officer's explanation is not particularly detailed, it identifies the evidentiary basis for the finding of guilt and the reasons for the sanctions imposed and thus satisfies procedural due process. ECF 1-1 at 1. Therefore, the claim that the hearing officer did not provide a written explanation is not a basis for habeas relief.

Pursuant to Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter,

3

agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons explained in this order, there is no basis for encouraging Mr. Holsinger to proceed further. Additionally, Mr. Holsinger may not proceed *in forma pauperis* on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Curtis Holsinger leave to proceed *in forma pauperis* on appeal.

SO ORDERED.

January 20, 2022             *s/ Damon R. Leichty*
                        Judge, United States District Court